BELLOCQ & OSTHEIMER *v.* A. C. ALLEN, Administrator.

1. The fact that counsel for a party was not aware that the case had been set for trial, wil' not entitle such party to relief from the effects of a surprise and an *ex parte* trial, unless it be shown that the counsel could not, by the exertion of reasonable diligence, have ascertained the condition of the case and been present at the trial.

2. In the absence of the evidence or a statement of facts, it will be presumed that sufficient evidence was offered below.

3. Under the reconventional demand for damages, in an injunction suit, the defendant may insist upon the trial of the case, and demand his interest and damages, notwithstanding the absence of the plaintiff.

*Appeal from the Nineteenth Judicial District Court, Parish of St. Mary.    Goode, J.*

*A. L. Tucker* for appellants.

*A. C. Allen* for appellee.

SMITH, J.—Bellocq & Ostheimer, defendants in suit No. 7450, entitled, A. C. Allen, Administrator, vs. Bellocq & Ostheimer, have instituted this suit to annul the judgment rendered therein, for the reasons set forth in their petition, which is properly in the character of an answer, and constitutes the basis of the defense which could have been urged in said suit No. 7450.

The burden of their complaint is, that the case was taken up and tried in the absence of defendants and their counsel, and that they became aware of this fact too late to avail themselves of their right to move for a new trial; hence, this resort to their action of nullity, based upon the nullity of the proceedings.

In order to suspend the execution of the judgment in suit No. 7450, pending their action of nullity, they sued out and obtained an injunction directed against the plaintiff and the sheriff.

To this action the defendant joined issue by pleading a general denial, coupled with a special prayer that plaintiffs' action be rejected and dismissed, and that the writ of injunction be dissolved, with 20 % damages on the amount of the judgment enjoined, and one hundred and fifty dollars damages as attorney's fees, to be recovered by judgment to be rendered *in solido* against plaintiffs in injunction and the surety on their injunction bond.

Bellocq & Ostheimer vs. Allen.

It appears that the evidence on the trial below was not reduced to writing, and we have no opportunity of reviewing the same. The judgment rendered by the lower court relates that the case had been regularly fixed for trial, that the plaintiffs had been called and failed to appear and prosecute their suit, that the defendant had proved up his case and demand for damages, and considering the law and the evidence being in favor of the defendant and against the plaintiffs, proceeded to render judgment rejecting plaintiffs' demand and dissolving their injunction, with 20 per cent. damages on the amount enjoined and fifty dollars special damages as attorney's fees, to be recovered as prayed for in defendants' answer.

In the absence of evidence and any statement of facts in the record, we will presume that the judgment was rendered on proper evidence submitted before the Judge *a qua*  See 30 La. An. 628; 24 La. An. 20; 23 La. An. 504.

It is persistently urged that the judgment is illegal and irregular, owing to the fact that under the pleadings the defendant was entitled to a judgment of non-suit only, and that the judgment in damages was unauthorized by law.

It has been held that the fact counsel of a party was not aware that the case had been set for trial, will not entitle the party to relief from the effects of a surprise and an *ex parte* trial, unless it be shown that the counsel could not, by the exertion of reasonable diligence, have ascertained the condition of the case, and been present at the trial. 2 La. An. 955; 10 La. An. 193; 4 La. An. 240.

It is not pretended to account for the absence of plaintiffs' counsel in any of the modes provided by law.  Counsel are always presumed to be in court, as well as suitors, and are presumed to be aware of the sittings of the courts established by law.

It is furthermore urged that the judgment should have been, on the failure of plaintiffs to appear, simply that of non-suit, and that the claim for damages was not triable.

The fact is that the case was regularly fixed for trial, and what

is termed a reconventional demand was tried simultaneously with the main action. The former, for want of appearance, was dismissed and rejected, they having failed to appear and prosecute their suit; the issue set up by the defendant was also tried. and resulted in a judgment.

This mode of proceeding is authorized by Art. 304 of the Code of Practice, which provides, on the dissolution of an injunction, that the court shall, in the same judgment, condemn the plaintiff and his sureties in damages.

In 28 La. An. 815, it was held, that under the reconventional demand for damages, the defendant might have insisted upon the trial of the case, notwithstanding the absence of the plaintiff.

In 5 La. An. 298, it was held, that the defendant had a right to claim interest and damages on the trial of a motion to dissolve an injunction, and that the plaintiff could not deprive him either of the trial of the rule, or such interest and damages, by failing to appear and prosecute his suit.   11 La. An. 287, 302; 5 La. An. 402; 5 Martin La. N. S. 120.

Judgment affirmed.